**CROSSLEY v. CAMPBELL.**

No. 47 C 925.

United States District Court
N. D. Illinois, E. D.

Nov. 17, 1949.

J. Arthur Kealy, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., Northern Dist. of Illinois, Theron Caudle, Andrew Sharpe, and Frederic Rita, Assts. to Atty. Gen. of the United States, for defendant.

CAMPBELL, District Judge.

This is an action to recover an additional income tax assessment which plaintiff was required to pay on his 1942 and 1943 income. The cause was tried without a jury, after which the matter was taken under advisement by the Court upon the briefs of the parties.

The evidence adduced indicates that the plaintiff operated the Electro Products Laboratories from 1937 to June 30, 1942 as a sole proprietorship. On the latter date, plaintiff and his son formed a partnership for the operation of the business, which arrangement remained in effect until May, 1946, when the business was incorporated. The son worked for his father during the summer periods from 1937 to 1941. After formation of the partnership, the son pursued a course of studies as an electronic engineer at the R. C. A. Institutes, which studies were to aid him in the operation of the business. He worked for the firm for approximately two weeks in 1942. The son completed his studies in March, 1943 and worked for the firm approximately two months as production line manager. In May, 1943, he was called into the Navy where he remained until July, 1946. During each of the years in question, the son received his proportionate share of the firm's profits, and there is no evidence in the record that the father retained any control whatsoever over the income so distributed. The son is now vice-president and a 25% stockholder in the present corporation.

The decision in this case necessarily involves an application of the principles announced in Commissioner v. Tower, 327 U. S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A. L.R. 1135, and Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 1213. The Culbertson case interprets the Tower decision. To a certain degree the Culbertson decision appears contradictory. Following are excerpts taken from it:

"* * * The partnership sections of the Code are, of course, geared to the sections relating to taxation of individual income, since no tax is imposed upon partnership income as such. To hold that 'Individuals carrying on business in partnership' include persons who contribute nothing during the tax period would violate the first principle of income taxation: that income must be taxed to him who earns it (citing cases).

"Furthermore, our decision in Commissioner v. Tower, supra, clearly indicates the importance of participation in the business by the partners during the tax year. We there said that a partnership is created 'when persons join together their money, goods, labor, or skill for the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses.' This is, after all, but the application of an often iterated definition of income—the gain derived from capital, from labor, or from both combined—to a particular form of business organization. A partnership is, in other words, an organization for the production of income to which each partner contributes one or both of the ingredients of income—capital or services. Ward v. Thompson, 1859, 22 How. 330, 334, 16 L.Ed. 249. The intent to provide money, goods, labor, or skill sometime · in the future cannot meet the demands of §§ 11 and 22(a) of the Code that he who presently earns the income through his own labor and skill and the utilization of his own capital be taxed therefor. The vagaries of human experience preclude reliance upon even good faith intent as to future conduct as a basis for the present taxation of income."

A statement in the footnotes further explains this doctrine: "Of course one who

has been a bona fide partner does not lose that status when he is called into military or government service, and the Commissioner has not so contended. On the other hand, one hardly becomes a partner in the conventional sense merely because he might have done so had he not been called." .

The above quotations would appear to settle the matter, but modifying language further on in the opinion should be noted: "Unquestionably a court's determination that the services contributed by a partner are not 'vital' and that he has not participated in 'management and control of the business' or contributed 'original capital' has the effect of placing a heavy burden on the taxpayer to show the bona fide intent of the parties to join together as partners. But such a determination is not conclusive, and that is the vice in the 'tests' adopted by the Tax Court. It assumes that there is no room for an honest difference of opinion as to whether the services or capital furnished by the alleged partner are of sufficient importance to justify his inclusion in the partnership. If, upon a consideration of all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each is of such value to the partnership that the contributor should participate in the distribution of profits, that is sufficient. The Tower case did not purport to authorize the Tax Court to substitute its judgment for that of the parties; it simply furnished some guides to the determination of their true intent. Even though it was admitted in the Tower case that the wife contributed no original capital, management of the business, or other vital services, this Court did not say as a matter of law that there was no valid partnership. We said, instead, that 'There was, thus, more than ample evidence to support the Tax Court's finding that no genuine union for partnership purposes was ever intended, and that the husband earned the income.' "

The Tax Court in the Culbertson case upheld the contentions of the Commissioner, i.e., that the partnership was invalid for income tax purposes. The Court of Appeals reversed. 5 Cir., 168 F.2d 979. The Supreme Court reversed the Court of Appeals and remanded the case to the Tax Court, stating: "The cause must therefore be remanded to the Tax Court for a decision as to which, if any, of respondent's sons were partners with him in the operation of the ranch during 1940 and 1941. As to which of them, in other words, was there a bona fide intent that they be partners in the conduct of the cattle business, either because of services to be performed during those years, or because of contributions of capital of which they were the true owners, as we have defined that term in the Clifford, Horst, and Tower cases? No question as to the allocation of income between capital and services is presented in this case, and we intimate no opinion on that subject."

■ The effect of the Culbertson decision, is therefore, to reaffirm the law that the essential element in determining liability or non-liability for taxes on income emanating from an alleged family partnership is the intent with which the parties entered into the arrangement. The case suggests certain evidentiary facts which are useful in arriving at a conclusion as to the existence of the required intent, but properly relegates such determination to the trier of the facts—the Court in the case at bar. Here, the evidence is sufficient to establish that plaintiff and his son actually intended to form a partnership in 1942. Plaintiff distributed the income from the firm's activities to the son, retaining no control over the sums so distributed; in all ways, he viewed the son as a partner and treated him as such. Furthermore, the son was pursuing a course in school to render himself more valuable to the concern. When this course was completed, he contributed his efforts to the firm's business and assumed a responsible position in the company, i.e., production manager. He was prevented from continuing in this position only by the fact that he was called into the Navy. The activities of the father and son were entirely consistent with the existence of a bona fide partnership.

■ . On the basis of the foregoing findings, I conclude as a matter of law that plaintiff's son attended school for the pur-

pose of rendering the firm valuable services in the immediate future; that the son actually rendered valuable services to the firm during 1942 and 1943; the plaintiff and his son intended to form a bona fide partnership in 1942; and that they actually formed a bona fide partnership in 1942.

Accordingly, judgment is, therefore, entered for plaintiff for $8,918.95, plus interest and costs.